**E-FILED**
Thursday, 13 February, 2014  03:03:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| KATHLEEN BOWER, as Special | ) | |
| Administrator of the Estate of David J. Bower, | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-L- |
| | ) | |
| DARRELL COX, Individually, Sheriff | ) | |
| Of Coles County, COUNTY OF COLES, | ) | |
| And COLES COUNTY SHERIFF'S DEPUTY | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES KATHLEEN BOWER, Special Administrator of the Estate of David J.

Bower, deceased, by and through her attorneys, SEAN M. BRITTON, of BRITTON & SWANN,

LLC., and against the Defendants in this matter complains as follows:

## COMMON ALLEGATIONS

1. The Plaintiff brings this action to redress violations by the Defendants of the

   decedent's rights under the Constitution, the laws of the United States, and the laws of

   the State of Illinois.

2. At all times relevant to this lawsuit, the Defendants in this matter were entities and

   individuals subject to the jurisdiction of this Honorable Court.

3. At all times relevant to this lawsuit, Defendant was an inmate in the Coles County

   Safety and Detention Center and, as such, was under the authority and care of Coles

   County Sheriff Darrell Cox, and his deputies.

1

4.  Plaintiff's decedent had previous incarcerations with the Coles County Sheriff's
    Department.

5.  During those incarcerations, it was determined that the Plaintiff's decedent suffered
    from suicidal ideations, and Plaintiff's decedent was placed on suicide watch.

6.  At all times relevant to this lawsuit, Plaintiff's decedent was not placed on any kind
    of suicide watch.

7.  At all times relevant to this lawsuit, Plaintiff's decedent was not provided with a
    psychiatric evaluation or otherwise evaluated to determine whether he suffered from
    suicidal ideations.

8.  On or about February 28, 2013, Plaintiff's decedent committed suicide in his cell at
    the Coles County Safety and Detention Center.

9.  On or about September 30, 2013, Plaintiff, Kathleen Bower, was appointed Special
    Administrator of the Estate of David J. Bower, deceased, with the purposes of
    pursuing a potential cause of action on the behalf of estate of her son.  A copy of the
    order appointing Plaintiff as Special Administrator is attached as Exhibit A to this
    complaint.

10. This cause of action is brought, in part, pursuant to 42 USC Section 1983 to seek
    redress of deprivation of rights under color of statute, privileges and immunities
    secured by Plaintiff's decedent by the various amendments to the Constitution of the
    United States and the laws of the United States and the State of Illinois.

11. Jurisdiction is conferred upon this Court by 28 USC Section 1331, which confers
    original jurisdiction and under this Court's pendent jurisdiction.

12.   At all relevant time herein the Defendant, Darrell Cox, Sheriff of Coles County, and
his deputies acted under the color and pretense of law and, particularly, under the
color of statute, ordinance, regulation, custom and usage of the County of Coles and
the State of Illinois.

13.   At all times relevant herein, the Defendants engaged in conduct hereinafter
mentioned, which injured the Plaintiff's decedent and deprived him of his rights,
privileges, and immunities as secured to him by the Constitution of the United
States, the laws of the United States, and the State of Illinois.

COUNT I

NOW COMES KATHLEEN BOWER, Special Administrator of the Estate of David J.
Bower, deceased, by and through her attorneys, SEAN M. BRITTON, of BRITTON & SWANN,
LLC., and against the Defendant, DARRELL COX, complains as follows:

14.   Plaintiff re-alleges and incorporates paragraphs 1-13 of the "Common
Allegations" above, as though fully set forth herein.

15.   At all times relevant to this lawsuit, Defendant was the duly elected Sheriff of the
County of Coles, State of Illinois.

16.   As Sheriff of Coles County, Defendant was responsible for the care and treatment
of all inmates at the Coles County Safety and Detention Center, which is the
designated jail for the County of Coles.

17.   Defendant exercised deliberate indifference in his failure to address Plaintiff's
decedent's health and safety, in violation of the 8th Amendment of the United
States Constitution,  in one or more or all of the following particulars:

3

a.      Failed to have a psychiatric evaluation performed on Plaintiff's decedent to determine whether a suicide watch should be effectuated;

b.      Failed to place the Plaintiff's decedent under a suicide watch at the Coles County Safety and Detention Center when Defendant knew, or should have known, that Plaintiff's decedent required such a course of action;

c.      Failed to have in place effective policies for determining the history of a suicidal inmate and insuring that appropriate safeguards were placed to address the potential harm to Plaintiff's decedent.

d.      Failed to appropriately insure inspection rounds were being performed.

18.    As a direct and proximate result of one or more or all of the foregoing deliberately indifferent acts or omissions on the part of the Defendant, Plaintiff's decedent committed suicide and Plaintiff has suffered all damages available to the estate pursuant to 42 USC Section 1983.

WHEREFORE, Plaintiff, KATHLEEN BOWER, Special Administrator of the Estate of David J. Bower, deceased, respectfully requests this Honorable Court enter judgment in her favor in an amount in excess of this Court's jurisdictional requisite, plus costs and attorney fees, as well as all other available damages pursuant to 42 USC Section 1983.

PLAINTIFF DEMANDS TRIAL BY JURY.

KATHLEEN BOWER, Plaintiff

By:    /s/Sean M. Britton
SEAN M. BRITTON
BRITTON & SWANN, LLC
Attorneys for Plaintiff.

<u>COUNT II</u>

NOW COMES the Plaintiff, KATHLEEN BOWER, as Special Administrator of the Estate of David J. Bower, deceased, by and through her attorneys, SEAN M. BRITTON, of BRITTON & SWANN, LLC., and against the Defendant, DARRELL COX,  and pursuant to this Court's pendent jurisdiction, complains as follows:

14.   Plaintiff re-alleges and incorporates paragraphs 1-13 of the "Common Allegations" above, as though fully set forth herein.

15.   At all times relevant to this lawsuit, Defendant was the duly elected Sheriff of the County of Coles, State of Illinois and, as such, was responsible for the care of the Plaintiff's decedent, who was an inmate in the Defendant's jail.

16.   At all times relevant to this lawsuit, there was in effect a statute in the State of Illinois, being 55 ILCS 5/3-6016, which states that a Sheriff "shall be liable for any neglect of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission."

17.   Defendant owed a duty to the Plaintiff's decedent, individually and through his deputies, to provide that reasonable level of medical and psychiatric attention to insure the Plaintiff's decedent's well-being.

18.   Defendant breached his duty to the Plaintiff's decedent, individually and through his deputies, in one or more or all of the following particulars:

a.   Failed to have a psychiatric evaluation performed on Plaintiff's decedent to determine whether a suicide watch should be effectuated;

b. Failed to place the Plaintiff's decedent under a suicide watch at the Coles County Safety and Detention Center when Defendant knew, or should have known, that Plaintiff's decedent required such a course of action;

c. Failed to have in place effective policies for determining the history of a suicidal inmate and insuring that appropriate safeguards were placed to address the potential harm to Plaintiff's decedent.

d. Failed to appropriately insure inspection rounds were being performed.

19. At all times relevant to this lawsuit, in the State of Illinois, there was a statute, commonly referred to as the "Wrongful Death Act", being 740 ILCS 180/1, *et seq.* which allows for recovery of damages in those cases where negligent actions or omissions have resulted in the death of an individual.

20. The decedent, David J. Bower, left surviving his or her next of kin as his or her next of kin his mother, Kathleen Bower, his father, Kenneth Bower, and the following brothers and sisters:

Leeanne Hollander

Robert Bower

Christopher Bower

Steven Bower

Joseph Bower

Richard Bower

Patrick Bower

Lisa Bower

Kenneth Bower

21.   The next of kin of David Bower have been deprived of his society and companionship, loss and support, and have suffered pecuniary damages.

22.   As a direct and proximate result of the willful and wanton acts or omissions of the Defendant, Plaintiff seeks all available damages under the "Wrongful Death Act", including noneconomic damages, owing to the death of Plaintiff's decedent.

WHEREFORE, Plaintiff, KATHLEEN BOWER, Special Administrator of the Estate of David J. Bower, deceased, respectfully requests this Honorable Court enter judgment in her favor in an amount in excess of this Court's jurisdictional requisite, plus costs and attorney fees, as well as all damages available under the "Illinois Wrongful Death Act".

PLAINTIFF DEMANDS TRIAL BY JURY.

KATHLEEN BOWER, Plaintiff

By:   /s/Sean M. Britton
       SEAN M. BRITTON
       BRITTON & SWANN, LLC
       Attorneys for Plaintiff.


COUNT III

NOW COMES, the Plaintiff, KATHLEEN BOWER, as Special Administrator of the Estate of David J. Bower, deceased, by and through her attorneys, SEAN M. BRITTON, of BRITTON & SWANN, LLC., and against the Defendant, COLES COUNTY SHERIFF'S DEPUTY JOHN DOE, complains as follows:

14.   Plaintiff re-alleges and incorporates paragraphs 1-13 of the "Common Allegations" above, as though fully set forth herein.

15.    At all times relevant to this lawsuit, there was a Sheriff's Deputy employed by

Darrell Cox and the County of Coles whose name is currently unknown to the

Plaintiff.

16.    Defendant Doe was responsible for the immediate oversight of the Plaintiff's

decedent while he was incarcerated at the Coles County Safety and Detention

Center.

17.    Defendant Doe exercised deliberate indifference in his failure to address

Plaintiff's decedent's health and safety, in violation of the 8th Amendment of the

United States Constitution, in one or more or all of the following particulars:

a.    Failed to have a psychiatric evaluation performed on Plaintiff's decedent

to determine whether a suicide watch should be effectuated;

b.    Failed to place the Plaintiff's decedent under a suicide watch at the Coles

County Safety and Detention Center when Defendant knew, or should

have known, that Plaintiff's decedent required such a course of action;

c.    Failed to appropriately perform inspection rounds.

18.    As a direct and proximate result of one or more or all of the foregoing deliberately

indifferent acts or omissions on the part of the Defendant, Plaintiff's decedent

committed suicide and Plaintiff has suffered all damages available to the estate

pursuant to 42 USC Section 1983.

WHEREFORE, Plaintiff, KATHLEEN BOWER, Special Administrator of the Estate of

David J. Bower, deceased, respectfully requests this Honorable Court enter judgment in her

favor in an amount in excess of this Court's jurisdictional requisite, plus costs and attorney fees,

as well as all other available damages pursuant to 42 USC Section 1983.

PLAINTIFF DEMANDS TRIAL BY JURY.

KATHLEEN BOWER, Plaintiff

By: /s/Sean M. Britton
   SEAN M. BRITTON
   BRITTON & SWANN, LLC
   Attorneys for Plaintiff.

## COUNT IV

NOW COMES the Plaintiff, KATHLEEN BOWER, as Special Administrator of the

Estate of David J. Bower, deceased, by and through her attorneys, SEAN M. BRITTON, of

BRITTON & SWANN, LLC., and against the Defendant, COLES COUNTY SHERIFF'S

DEPUTY JOHN DOE,  and pursuant to this Court's pendent jurisdiction, complains as follows:

14. Plaintiff re-alleges and incorporates paragraphs 1-13 of the "Common

  Allegations" above, as though fully set forth herein.

15. At all times relevant to this lawsuit, Defendant was a Sheriff's Deputy employed

  by Darrell Cox and the County of Coles whose name is currently unknown to the

  Plaintiff.

16. Defendant Doe was responsible for the immediate oversight of the Plaintiff's

  decedent while he was incarcerated at the Coles County Safety and Detention

  Center.

17. Defendant owed a duty to the Plaintiff's decedent to provide that reasonable level

  of medical and psychiatric attention to insure the Plaintiff's decedent's well-

  being.

18. Defendant breached his duty to the Plaintiff's decedent in one or more or all of

the following particulars:

a.   Failed to have a psychiatric evaluation performed on Plaintiff's decedent
     to determine whether a suicide watch should be effectuated;

b.   Failed to place the Plaintiff's decedent under a suicide watch at the Coles
     County Safety and Detention Center when Defendant knew, or should
     have known, that Plaintiff's decedent required such a course of action;

c.   Failed to have in place effective policies for determining the history of a
     suicidal inmate and insuring that appropriate safeguards were placed to
     address the potential harm to Plaintiff's decedent.

d.   Failed to appropriately perform inspection rounds.

19.   As a direct and proximate result of Defendant's willful and wanton acts or
      omissions, Plaintiff's decedent died.

20.   At all times relevant to this lawsuit, in the State of Illinois, there was a statute,
      commonly referred to as the "Wrongful Death Act", being740 ILCS 180/1, *et seq*.
      which allows for recovery of damages in those cases where negligent actions or
      omissions have resulted in the death of an individual.

21.   The decedent, David J. Bower, left surviving his or her next of kin as his or her
      next of kin his mother, Kathleen Bower, his father, Kenneth Bower, and the
      following brothers and sisters:

      Leeanne Hollander

      Robert Bower

      Christopher Bower

Steven Bower

Joseph Bower

Richard Bower

Patrick Bower

Lisa Bower

Kenneth Bower

22.    The next of kin of David Bower have been deprived of his society and

companionship, loss and support, and have suffered pecuniary damages.

23.    As a direct and proximate result of the willful and wanton acts or omissions of the

Defendant, Plaintiff seeks all available damages under the "Wrongful Death Act",

including noneconomic damages, owing to the death of Plaintiff's decedent.

WHEREFORE, Plaintiff, KATHLEEN BOWER, Special Administrator of the Estate of

David J. Bower, deceased, respectfully requests this Honorable Court enter judgment in her

favor in an amount in excess of this Court's jurisdictional requisite, plus costs and attorney fees,

as well as all damages available under the "Illinois Wrongful Death Act".

PLAINTIFF DEMANDS TRIAL BY JURY.

KATHLEEN BOWER, Plaintiff

By:    /s/Sean M. Britton
SEAN M. BRITTON
BRITTON & SWANN, LLC
Attorneys for Plaintiff.

COUNT V

NOW COMES the Plaintiff, KATHLEEN BOWER, as Special Administrator of the

Estate of David J. Bower, deceased, by and through her attorneys, SEAN M. BRITTON, of

BRITTON & SWANN, LLC., and against the Defendant, COUNTY OF COLES, complains as

follows:

14. Plaintiff re-alleges and incorporates paragraphs 1-13 of the "Common
Allegations" above, as though fully set forth herein.

15. At all times relevant to this lawsuit, the Defendant was the employer of Sheriff
Darrell Cox, as well as Coles County Sheriff's Deputy John Doe.

16. Darrell Cox and John Doe were responsible for the care and treatment of all
inmates at the Coles County Safety and Detention Center, which is the designated
jail for the County of Coles, under the authority of the Defendant.

17. Defendant exercised deliberate indifference in failing to address Plaintiff's
decedent's health and safety, in violation of the 8th Amendment of the United
States Constitution, by failing to have policies in place that would allow for a
determination of the history of a suicidal inmate and failing to have policies in
place to appropriately insure inspection rounds were being performed.

18. As a direct and proximate result of one or more or all of the foregoing deliberately
indifferent acts or omissions of Defendant, Plaintiff's decedent committed suicide
and Plaintiff has suffered all damages available to the Estate pursuant to 42 USC
Section 1983.

WHEREFORE, Plaintiff, KATHLEEN BOWER, Special Administrator of the Estate of

David J. Bower, deceased, respectfully requests this Honorable Court enter judgment in her

favor in an amount in excess of this Court's jurisdictional requisite, plus costs and attorney fees,

as well as all other available damages pursuant to 42 USC Section 1983.

PLAINTIFF DEMANDS TRIAL BY JURY.

KATHLEEN BOWER, Plaintiff

By:     /s/Sean M. Britton
        SEAN M. BRITTON
        BRITTON & SWANN, LLC
        Attorneys for Plaintiff.

COUNT VI

NOW COMES the Plaintiff, KATHLEEN BOWER, as Special Administrator of the

Estate of David J. Bower, deceased, by and through her attorneys, SEAN M. BRITTON, of

BRITTON & SWANN, LLC., and against the Defendant, COUNTY OF COLES,  and pursuant

to this Court's pendent jurisdiction, complains as follows:

14.     Plaintiff re-alleges and incorporates paragraphs 1-13 of the "Common

        Allegations" above, as though fully set forth herein.

15.     At all times relevant to this lawsuit, the Defendant was the employer of Sheriff

        Darrell Cox, as well as Coles County Sheriff's Deputy John Doe.

16.     Darrell Cox and John Doe were responsible for the care and treatment of all

        inmates at the Coles County Safety and Detention Center, which is the designated

        jail for the County of Coles, under the authority of the Defendant.

17.     Defendant owed a duty to the Plaintiff's decedent, to have policies in place that

            would allow for a determination of the history of a suicidal inmate and to

            have policies that insured appropriate inspection rounds.

18.     Defendant breached its duty to the Plaintiff's decedent in one or more or

            both of the following particulars:

13

    a.  Failed to have policies in place that would allow for a determination of the history of a suicidal inmate;

    b.  Failed to have policies that insured appropriate inspection rounds were performed.

19.    As a direct and proximate result of Defendant's willful and wanton acts or omissions, Plaintiff's decedent died.

20.    At all times relevant to this lawsuit, in the State of Illinois, there was a statute, commonly referred to as the "Wrongful Death Act", being740 ILCS 180/1, *et seq.* which allows for recovery of damages in those cases where negligent actions or omissions have resulted in the death of an individual.

21.    The decedent, David J. Bower, left surviving his or her next of kin as his or her next of kin his mother, Kathleen Bower, his father, Kenneth Bower, and the following brothers and sisters:

Leeanne Hollander

Robert Bower

Christopher Bower

Steven Bower

Joseph Bower

Richard Bower

Patrick Bower

Lisa Bower

Kenneth Bower

22.    The next of kin of David Bower have been deprived of his society and

companionship, loss and support, and have suffered pecuniary damages.

23.    As a direct and proximate result of the willful and wanton acts or omissions of the

Defendant, Plaintiff seeks all available damages under the "Wrongful Death Act",

including noneconomic damages, owing to the death of Plaintiff's decedent.

WHEREFORE, Plaintiff, KATHLEEN BOWER, Special Administrator of the Estate of

David J. Bower, deceased, respectfully requests this Honorable Court enter judgment in her

favor in an amount in excess of this Court's jurisdictional requisite, plus costs and attorney fees,

as well as all damages available under the "Illinois Wrongful Death Act".

PLAINTIFF DEMANDS TRIAL BY JURY.

KATHLEEN BOWER, Plaintiff

By:    /s/Sean M. Britton
SEAN M. BRITTON
BRITTON & SWANN, LLC
Attorneys for Plaintiff.